FILED
2021-CCL-00011
1/6/2021 5:41 PM
Sylvia Garza-Perez
Cameron County Clerk

CAUSE NO. 2021-CCL-00011

| | | |
|---|---|---|
| **BEATRIZ GARZA OLIVAREZ** | § | IN THE COUNTY COURT |
| | § | |
| **VS.** | § | AT LAW NO. ___ |
| | § | |
| **APPLEBEE'S RESTAURANTS LLC** | § | CAMERON COUNTY, TEXAS |

Cameron County - County Court at Law III

## PLAINTIFF'S ORIGINAL PETITION WITH REQUESTS FOR DISCLOSURE AND OTHER DISCOVERY REQUESTS

**TO THE HONORABLE COURT:**

Now comes, **BEATRIZ GARZA OLIVAREZ** (hereinafter referred to as "Plaintiff"), complaining of **APPLEBEE'S RESTAURANTS LLC** (hereinafter referred to as "Applebee's Restaurants LLC"), Defendant, and for cause of action would show the Court as follows:

### I.

This case will be governed by Discovery Control Level 2.

### II.

Plaintiff resides in Hidalgo County, Texas.

Defendant, **Applebee's Restaurants LLC**, is corporation authorized to conduct business in the State of Texas and may be served with process by serving its registered agent for service: Corporation Service Company, 211 East 7th Street, Suite 620, Austin, Texas 78701.

### III.

Venue is proper in Cameron County, Texas pursuant to Section 15.001, V.T.C.A., Texas Civil Practices & Remedies Code, in that all or part of Plaintiff's causes of action occurred in Cameron County, Texas.



## IV.

On or about January 11, 2019, Plaintiff, **BEATRIZ GARZA OLIVAREZ**, was an invitee at the establishment operated and maintained by Defendant **Applebee's Restaurants LLC**, located at 1519 W. Harrison Avenue, Harlingen, Cameron County, Texas 78550.

While upon Defendant's premises as invitee, Plaintiff suffered serious bodily injuries as a direct result of a slip and fall proximately caused by a dangerous condition (ie water on the floor) located in the ladies restroom which Defendant, its agents, servants, and employees knew of, or in the exercise of ordinary care, should have known existed.

Pleading further, and in the alternative, Plaintiff invokes the doctrine of res ipsa loquitur.

## V.

On the occasion in question, Defendant its agents, servants, and employees, who were at all times acting in the course and scope of their employment, were guilty of negligence toward the Plaintiff in the following respects:

(a) Failure to inspect the dangerous condition created by the water on the floor located inside the ladies rest room;

(b) Failure to make a proper inspection of the area in which the dangerous condition existed prior to the time of Plaintiff's fall;

(c) Failure to properly and adequately discover the dangerous condition created by the water on the floor located inside the ladies rest room;

(d) Failure to properly and adequately discover the dangerous condition created by the water on the floor located inside the ladies rest room;

(e) Failure to eliminate the dangerous condition created by the water on the floor located inside the ladies rest room;

(f) Failure to keep the premises in a reasonably safe condition for its invitees at the time of and prior to the time of Plaintiff's slip and fall;

(g) Failure in maintaining the premises in a safe condition;

(h)     Failure to warn Plaintiff and other patrons that there was a dangerous condition on the premises;

(i)     Failure to place warning signs or barricades to notify Plaintiff and other invitees of the dangerous condition on the premises;

(j)     Failure to exercise ordinary care in discovering the dangerous condition on the premises; and

(k)     Failure to correct the dangerous condition existing on the premises mentioned herein-above.

Plaintiff contends further that nothing she did or failed to do contributed to the cause of the incident that is the basis of this suit.

Each of the foregoing acts of negligence was a proximate cause of Plaintiff's' resulting injuries and damages.

## VI.

Upon trial of this case, it will be shown that Plaintiff was caused to sustain injuries and damages as a proximate result of Defendants' negligence. Plaintiff respectfully requests the Court and Jury to determine the amount of loss Plaintiff has incurred, not only from a financial standpoint, but also in terms of good health, freedom from pain and worry and mental anguish. There are certain elements of damages, provided by law that the Plaintiff is entitled to have. The Jury in this case will separately consider to determine the sum of money for each element that will fairly and reasonably compensate Plaintiff for the injuries and damages and losses incurred and to be incurred. From the date of the incident in question until the time of trial of this case, those elements of damages to be considered separately and individually for the purpose of determining the sum of money that will be fair and reasonably compensate Plaintiff for each element are as follows:

(a)     the physical pain that Plaintiff suffered from the date of the incident in question to the present time;

(b)    the mental anguish that Plaintiff suffered from the date of the incident in question up to the present time;

(c)    the amount of reasonable medical expenses necessarily incurred in the treatment of Plaintiffs' injuries from the date of the incident in question to the present time;

(d)    the physical impairment suffered by Plaintiff from the date of the incident to the present time; and

(e)    the disfigurement suffered by Plaintiff from the date of the incident into the present time.

From the time of trial of this case, the elements of damages to be considered which Plaintiff will sustain in the future beyond the trial are such of the following elements of damages as will be shown by a preponderance of the evidence upon trial of this case:

(a)    the physical pain that Plaintiff suffered in the future beyond the time of trial;

(b)    the mental anguish that Plaintiff will suffer in the future beyond the time of trial;

(c)    the amount of reasonable medical expenses necessarily incurred in the treatment of the Plaintiff;

(d)    the physical impairment suffered by Plaintiff from the date of the incident into the present time; and

(e)    The disfigurement suffered by Plaintiff from the date of the incident into the present time.

## VII.

The Defendants' actions and/or omissions entitle Plaintiff to the award of exemplary damages as prescribed by the Texas Civil Practice and Remedies Code.

Plaintiff would respectfully show that all proofs of loss and other conditions precedent necessary to the maintenance of this suit against the Defendant has been met and fulfilled by Plaintiff.

Because of all the above and foregoing, Plaintiff has been damaged and will be damaged in an amount in excess of $200,000, but not greater than $1,000,000.

## VIII.

Plaintiffs would also show that in addition to the Defendant's ordinary negligence as herein above alleged, Defendant was grossly negligent in that they willfully, wantonly and recklessly disregarded the safety of the Plaintiff. Further, the Defendant's acts and/or omissions as described above, evidence an entire want of care that is the result of a conscious indifference to the rights, safety, and welfare of the Plaintiff.

This gross negligence was also a proximate cause of the incident and damages in question. Therefore, the Plaintiff is entitled to recover exemplary damages from the Defendant.

## IX.

Pursuant to Rule 194, the Defendant, **Applebee's Restaurants LLC**, are requested to disclose, within thirty (30) days of service of this request, the information or material described in Rule 194.2(a)-(l).

## X.

Attached with this Original Petition you will find the following:

1.   Plaintiffs' First Set of Interrogatories to the Defendant;
2.   Plaintiffs' Requests for Production to the Defendant; and
3.   Plaintiffs' Requests for Admissions to the Defendant.

## XI.

### RULE 193.7 NOTICE

Pursuant to Rule 193.7 of the Texas Rules of Civil Procedure, Plaintiff hereby gives actual notice to the Defendant that Plaintiff intends to use as evidence all documents that have been

produced or will be produced by any and all parties. Plaintiff asks the court to consider this formal notice that all documents, including photographic material and video graphic material, produced by all parties and non-parties in response to written discovery, supplemental discovery, amended discovery, and any and all depositions. This will include but not limited to, the reports and records of the Plaintiff's healthcare providers that were produced or will be produced on behalf of Plaintiff's in response to a request for production, and any other discovery may be used at pre-trial and trial.

WHEREFORE, PREMISES CONSIDERED, Plaintiff, **BEATRIZ GARZA OLIVAREZ** prays that judgment be rendered against Defendant, **APPLEBEE'S RESTAURANTS LLC**, in a sum in excess of the minimum jurisdictional limits of this Court, plus costs of court, pre-judgment and post-judgment interests and for all other relief at law or in equity, to which she may show himself lawfully and justly entitled.

Respectfully submitted,

**LAW OFFICE OF BOBBY GARCIA, P.C.**
P.O. Box 5729
McAllen, Texas 78502
Telephone:    (956)668-7400
Facsimile:    (956)668-7500
Email:    esalinas@bobbygarcia.com



_____
**BOBBY GARCIA**
Texas SBN: 07645210
New York SBN: 5387485
ATTORNEY FOR PLAINTIFF

CAUSE NO. 2021-CCL-00011

| | | |
|---|---|---|
| BEATRIZ GARZA OLIVAREZ | § | IN THE COUNTY COURT |
| | § | |
| VS. | § | AT LAW NO. 3 |
| | § | |
| APPLEBEE'S RESTAURANTS LLC AND | § | |
| RMH FRANCHISE HOLDINGS, INC. | § | CAMERON COUNTY, TEXAS |

## PLAINTIFF'S AMENDED ORIGINAL PETITION
### WITH REQUESTS FOR DISCLOSURE AND OTHER DISCOVERY REQUESTS

**TO THE HONORABLE COURT:**

Now comes, **BEATRIZ GARZA OLIVAREZ** (hereinafter referred to as "Plaintiff"), complaining of **RMH FRANCHISE HOLDINGS, INC.**, (Incorrectly identified as **APPLEBEE'S RESTAURANTS LLC**, Defendant, and for cause of action would show the Court as follows:

### I.

This case will be governed by Discovery Control Level 2.

### II.

Plaintiff is a resident of Santa Rosa, Cameron County, Texas.

Defendant, **RMH FRANCHISE HOLDINGS, INC.**, is a corporation authorized to conduct business in the State of Texas and may be served with process by serving its registered agent: CT Corporation System; 1200 South Pine Island Road, Plantation, FL 33324. Citation is necessary.

Defendant, **Applebee's Restaurants LLC,** is corporation authorized to conduct business in the State of Texas and may be served with process by serving its registered agent for service: Corporation Service Company, 211 East 7th Street, Suite 620, Austin, Texas 78701. No citation is required.

## III.

Venue is proper in Cameron County, Texas pursuant to Section 15.001, V.T.C.A., Texas Civil Practices & Remedies Code, in that all or part of Plaintiff's causes of action occurred in Cameron County, Texas.

## IV.

On or about January 11, 2019, Plaintiff, **BEATRIZ GARZA OLIVAREZ**, was an invitee at the establishment operated and maintained by Defendant **RMH FRANCHISE HOLDINGS, INC.,** (Incorrectly identified as **APPLEBEE'S RESTAURANTS LLC**), located at 1519 W. Harrison Avenue, Harlingen, Cameron County, Texas 78550.

While upon Defendant's premises as invitee, Plaintiff suffered serious bodily injuries as a direct result of a slip and fall proximately caused by a dangerous condition (ie water on the floor) located in the ladies restroom which Defendant, its agents, servants, and employees knew of, or in the exercise of ordinary care, should have known existed.

Pleading further, and in the alternative, Plaintiff invokes the doctrine of res ipsa loquitur.

## V.

On the occasion in question, Defendant its agents, servants, and employees, who were at all times acting in the course and scope of their employment, were guilty of negligence toward the Plaintiff in the following respects:

(a)  Failure to inspect the dangerous condition created by the water on the floor located inside the ladies rest room;

(b)  Failure to make a proper inspection of the area in which the dangerous condition existed prior to the time of Plaintiff's fall;

(c)  Failure to properly and adequately discover the dangerous condition created by the water on the floor located inside the ladies rest room;

(d) Failure to properly and adequately discover the dangerous condition created by the water on the floor located inside the ladies rest room;

(e) Failure to eliminate the dangerous condition created by the water on the floor located inside the ladies rest room;

(f) Failure to keep the premises in a reasonably safe condition for its invitees at the time of and prior to the time of Plaintiff's slip and fall;

(g) Failure in maintaining the premises in a safe condition;

(h) Failure to warn Plaintiff and other patrons that there was a dangerous condition on the premises;

(i) Failure to place warning signs or barricades to notify Plaintiff and other invitees of the dangerous condition on the premises;

(j) Failure to exercise ordinary care in discovering the dangerous condition on the premises; and

(k) Failure to correct the dangerous condition existing on the premises mentioned herein-above.

Plaintiff contends further that nothing she did or failed to do contributed to the cause of the incident that is the basis of this suit.

Each of the foregoing acts of negligence was a proximate cause of Plaintiff's' resulting injuries and damages.

## VI.

Upon trial of this case, it will be shown that Plaintiff was caused to sustain injuries and damages as a proximate result of Defendants' negligence. Plaintiff respectfully requests the Court and Jury to determine the amount of loss Plaintiff has incurred, not only from a financial standpoint, but also in terms of good health, freedom from pain and worry and mental anguish. There are certain elements of damages, provided by law that the Plaintiff is entitled to have. The Jury in this case will separately consider to determine the sum of money for each element that will fairly and reasonably compensate Plaintiff for the injuries and damages and losses incurred and to be incurred. From the date of the incident in question until the time of trial of this case, those

elements of damages to be considered separately and individually for the purpose of determining the sum of money that will be fair and reasonably compensate Plaintiff for each element are as follows:

(a) the physical pain that Plaintiff suffered from the date of the incident in question to the present time;

(b) the mental anguish that Plaintiff suffered from the date of the incident in question up to the present time;

(c) the amount of reasonable medical expenses necessarily incurred in the treatment of Plaintiffs' injuries from the date of the incident in question to the present time;

(d) the physical impairment suffered by Plaintiff from the date of the incident to the present time; and

(e) the disfigurement suffered by Plaintiff from the date of the incident into the present time.

From the time of trial of this case, the elements of damages to be considered which Plaintiff will sustain in the future beyond the trial are such of the following elements of damages as will be shown by a preponderance of the evidence upon trial of this case:

(a) the physical pain that Plaintiff suffered in the future beyond the time of trial;

(b) the mental anguish that Plaintiff will suffer in the future beyond the time of trial;

(c) the amount of reasonable medical expenses necessarily incurred in the treatment of the Plaintiff;

(d) the physical impairment suffered by Plaintiff from the date of the incident into the present time; and

(e) The disfigurement suffered by Plaintiff from the date of the incident into the present time.

## VII.

The Defendants' actions and/or omissions entitle Plaintiff to the award of exemplary damages as prescribed by the Texas Civil Practice and Remedies Code.

Plaintiff would respectfully show that all proofs of loss and other conditions precedent necessary to the maintenance of this suit against the Defendant has been met and fulfilled by Plaintiff.

Because of all the above and foregoing, Plaintiff has been damaged and will be damaged in an amount in excess of $200,000., but not greater than $1,000,000.

### VIII.

Plaintiffs would also show that in addition to the Defendant's ordinary negligence as herein above alleged, Defendant was grossly negligent in that they willfully, wantonly and recklessly disregarded the safety of the Plaintiff. Further, the Defendant's acts and/or omissions as described above, evidence an entire want of care that is the result of a conscious indifference to the rights, safety, and welfare of the Plaintiff.

This gross negligence was also a proximate cause of the incident and damages in question. Therefore, the Plaintiff is entitled to recover exemplary damages from the Defendant.

### IX.

Pursuant to Rule 194, the Defendant, **RMH FRANCHISE HOLDINGS, INC.,** (Incorrectly identified as **APPLEBEE'S RESTAURANTS LLC**), are requested to disclose, within thirty (30) days of service of this request, the information or material described in Rule 194.2(a)-(l).

### X.

Attached with this Amended Original Petition you will find the following:

1. Plaintiffs' First Set of Interrogatories to the Defendant **RMH FRANCHISE HOLDINGS, INC.,** Incorrectly identified as **APPLEBEE'S RESTAURANTS LLC,;**
2. Plaintiffs' Requests for Production to the Defendant **RMH FRANCHISE HOLDINGS, INC.,** (Incorrectly identified as **APPLEBEE'S RESTAURANTS LLC,;** and

3.   Plaintiffs' Requests for Admissions to the Defendant **RMH FRANCHISE HOLDINGS, INC.,** (Incorrectly identified as **APPLEBEE'S RESTAURANTS LLC,.**

## XI.
## RULE 193.7 NOTICE

Pursuant to Rule 193.7 of the Texas Rules of Civil Procedure, Plaintiff hereby gives actual notice to the Defendant that Plaintiff intends to use as evidence all documents that have been produced or will be produced by any and all parties. Plaintiff asks the court to consider this formal notice that all documents, including photographic material and video graphic material, produced by all parties and non-parties in response to written discovery, supplemental discovery, amended discovery, and any and all depositions. This will include but not limited to, the reports and records of the Plaintiff's healthcare providers that were produced or will be produced on behalf of Plaintiff's in response to a request for production, and any other discovery may be used at pre-trial and trial.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff, **BEATRIZ GARZA OLIVAREZ** prays that judgment be rendered against Defendant, **RMH FRANCHISE HOLDINGS, INC.,** (Incorrectly identified as **APPLEBEE'S RESTAURANTS LLC**), in a sum in excess of the minimum jurisdictional limits of this Court, plus costs of court, pre-judgment and post-judgment interests and for all other relief at law or in equity, to which she may show himself lawfully and justly entitled.

Respectfully submitted,
**LAW OFFICE OF BOBBY GARCIA, P.C.**
P.O. Box 5729
McAllen, Texas 78502
Telephone:   (956)668-7400
Facsimile:   (956)668-7500
Email:   esalinas@bobbygarcia.com



**BOBBY GARCIA**
Texas SBN: 07645210
New York SBN: 5387485
ATTORNEY FOR PLAINTIFF

CAUSE NO. 2021-CCL-00011

| | |
|---|---|
| BEATRIZ GARZA OLIVAREZ | § IN THE COUNTY COURT |
| | § |
| | § |
| | § AT LAW NO. 3 |
| VS. | § |
| | § |
| | § |
| APPLEBEE'S RESTAURANTS LLC, ET AL. | § CAMERON COUNTY, TEXAS |

## APPLEBEE'S RESTAURANTS LLC'S ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

Applebee's Restaurants LLC ("Applebee's Restaurants") files this Original Answer to the plaintiff's petition and would show the Court the following:

I.

Applebee's Restaurants would show that it had absolutely no control over the premises located at 1519 W. Harrison Avenue, Harlingen, Texas on the date of the alleged incident (i.e., January 11, 2019). Furthermore, no employees of Applebee's Restaurants were working at the premises located at 1519 W. Harrison Avenue, Harlingen, Texas on the date of the alleged incident (i.e., January 11, 2019). The entity that was in control of these premises on the date of the alleged incident in question is an entity by the name of RMH Franchise Corporation.

II.

Pleading further, Applebee's Restaurants asserts a general denial and requests the Court to require the plaintiff to prove her allegations by a preponderance of the evidence as is required by the constitution, statutes, laws and Rules of Civil Procedure of the State of Texas.

1

III.

Pleading further, Applebee's Restaurants would show that – contrary to the statements made by the Plaintiff in paragraph VII of her lawsuit that "… all proofs of loss and other conditions precedent necessary to the maintenance of this suit against the Defendant has been met and fulfilled by Plaintiff…" – in fact none of these conditions precedent have been met and fulfilled as to Applebee's Restaurants because this entity had absolutely no control over the premises located at 1519 W. Harrison Avenue, Harlingen, Texas on the date of the alleged incident (i.e., January 11, 2019).  Furthermore, no employees of Applebee's Restaurants were working at the premises located at 1519 W. Harrison Avenue, Harlingen, Texas on the date of the alleged incident (i.e., January 11, 2019).

IV.

Pleading further, Applebee's Restaurants would show that the incident in question was proximately caused by the negligence of Beatriz Garza Olivarez in that Ms. Olivarez was not apparently watching where she was stepping at the time of the alleged incident in question. Applebee's Restaurants, therefore, plead contributory negligence, comparative responsibility or sole responsibility on Beatriz Garza Olivarez's part as an affirmative defense to this matter.

V.

Pleading further, pursuant to Texas Civil Practice & Remedies Code Section 41.0105, Beatriz Garza Olivarez should be limited as far as medical bills are concerned [in the unlikely event of any recovery in this case by her] to the amounts of her medical bills that were actually "paid or incurred" per this statute. The amounts of Ms. Olivarez's medical bills that were written off or adjusted down by her healthcare providers (or that could not be collected by the providers

2

per the Medicare/Medicaid statutes) should not be collected by Ms. Olivarez per this statute [again, in the unlikely event of any recovery in this case by Ms. Olivarez].

## JURY DEMAND

Applebee's Restaurants requests a trial by jury as to all issues in this case and pays the appropriate fee.

WHEREFORE, PREMISES CONSIDERED, Applebee's Restaurants prays that the plaintiff take nothing by this suit, and that Applebee's Restaurants be awarded all costs of Court, as well as such other and further relief, both general and special, at law, or in equity, to which Applebee's Restaurants may show itself justly entitled.

Respectfully submitted,

/S/ William H. Luck, Jr.

By:    _____

William H. Luck, Jr.
TB# 12666450
1412B Stonehollow Dr.
Houston, Texas 77339
(281) 358-7611
(281) 358-0299 (Fax)
Bill.Luck@sbcglobal.net

ATTORNEY FOR
APPLEBEE'S RESTAURANTS LLC

## CERTIFICATE OF SERVICE

Pursuant to Rule 21a of the Texas Rules of Civil Procedure, I hereby certify that a true and correct copy of the foregoing instrument has been served via e-serve on all attorneys of record in this case on this the 22nd day of January 2021.

/S/ William H. Luck, Jr.

_____

William H. Luck, Jr.

3

CAUSE NO. 2021-CCL-00011

| | |
|---|---|
| BEATRIZ GARZA OLIVAREZ | § IN THE COUNTY COURT |
| | § |
| | § |
| | § AT LAW NO. 3 |
| VS. | § |
| | § |
| | § |
| APPLEBEE'S RESTAURANTS, LLC, ET AL. | § CAMERON COUNTY, TEXAS |

## RMH FRANCHISE HOLDINGS, INC.'S ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

RMH Franchise Holdings, Inc. ("RMH Holdings") files this Original Answer to the plaintiff's petition and would show the Court the following:

I.

RMH Holdings would show that it had no control over the premises located at 1519 W. Harrison Avenue, Harlingen, Texas on the date of the alleged incident (i.e., January 11, 2019). The entity that was in control of these premises on the date of the alleged incident in question is an entity by the name of RMH Franchise Corporation (RMH Franchise Holdings, Inc. is the parent company for RMH Franchise Corporation).

II.

Pleading further, RMH Holdings asserts a general denial and requests the Court to require the plaintiff to prove her allegations by a preponderance of the evidence as is required by the constitution, statutes, laws and Rules of Civil Procedure of the State of Texas.

III.

Pleading further, RMH Holdings would show that – contrary to the statements made by the Plaintiff in paragraph VII of her lawsuit that "… all proofs of loss and other

1

conditions precedent necessary to the maintenance of this suit against the Defendant has been met and fulfilled by Plaintiff…" – in fact none of these conditions precedent have been met and fulfilled as to RMH Holdings because this entity had no control over the premises located at 1519 W. Harrison Avenue, Harlingen, Texas on the date of the alleged incident (i.e., January 11, 2019).   Furthermore, RMH Holdings denies that had actual or constructive knowledge of a condition on the premises that posed an unreasonable risk of harm to Ms. Olivarez relative to the incident in question.   Further, as stated in paragraph VI below, Ms. Olivarez's claims against RMH Holdings are barred by the two-year statute of limitations found in Section 16.003 of the Texas Civil Practice & Remedies Code.

## IV.

Pleading further, RMH Holdings would show that the incident in question was proximately caused by the negligence of Beatriz Garza Olivarez in that Ms. Olivarez was not apparently watching where she was stepping at the time of the alleged incident in question. RMH Holdings, therefore, plead contributory negligence, comparative responsibility or sole responsibility on Beatriz Garza Olivarez's part as an affirmative defense to this matter.

## V.

Pleading further, pursuant to Texas Civil Practice & Remedies Code Section 41.0105, Beatriz Garza Olivarez should be limited as far as medical bills are concerned [in the unlikely event of any recovery in this case by her] to the amounts of her medical bills that were actually "paid or incurred" per this statute. The amounts of Ms. Olivarez's medical bills that were written off or adjusted down by her healthcare providers (or that could not be collected by the providers per the Medicare/Medicaid statutes) should not be collected by Ms. Olivarez per this statute [again, in the unlikely event of any recovery in this case by Ms. Olivarez].

VI.

Pleading further, RMH Holdings was not sued until January 14, 2021 and the incident in question occurred on January 11, 2019.  Ms. Olivarez's personal injury claims against RMH Holdings are, therefore, barred by the two-year statute of limitations found in Section 16.003 of the Texas Civil Practice & Remedies Code.

## JURY DEMAND

RMH Holdings requests a trial by jury as to all issues in this case and pays the appropriate fee.

WHEREFORE, PREMISES CONSIDERED, RMH Holdings prays that the plaintiff take nothing by this suit, and that RMH Holdings be awarded all costs of Court, as well as such other and further relief, both general and special, at law, or in equity, to which RMH Holdings may show itself justly entitled.

Respectfully submitted,

/S/ William H. Luck, Jr.

By: _____

William H. Luck, Jr.
TB# 12666450
1412B Stonehollow Dr.
Houston, Texas 77339
(281) 358-7611
(281) 358-0299 (Fax)
Bill.Luck@sbcglobal.net

ATTORNEY FOR
RMH FRANCHISE HOLDINGS, INC.

## CERTIFICATE OF SERVICE

Pursuant to Rule 21a of the Texas Rules of Civil Procedure, I hereby certify that a true and correct copy of the foregoing instrument has been served via e-serve on all attorneys of record in this case on this the 22nd day of January 2021.

/S/ William H. Luck, Jr.

_____

William H. Luck, Jr.